IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. CR-05-245-E-BLW |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| DOROTEO ESTRADA-JASSO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

     Pending before the Court is Defendant's Motion to Reconsider and Modify Sentence (Docket No. 116) filed on March 19, 2007. Defendant requests that the sentence imposed on March 12, 2007 be modified pursuant to Fed. R. Crim. P. 35 to provide that it run concurrently with any state sentences. Rule 35(a) provides that the Court may correct a sentence that resulted from arithmetical, technical, or other clear error within seven days after sentencing.

     The Court must act within seven days or else it loses jurisdiction to modify the sentence. See *United States v. Barragan-Mendoza , 174 F.3d 1024, 1029-30 (9th Cir. 1999)* (rejecting view that timely filed Rule 35(c) [now 35(a)] motion gives district court jurisdiction over motion for as long as it takes the court to rule on it and holding that because district court did not act on the motion within 7

**Order - 1**

days, it lacked the jurisdiction to do so).  *See also* United States v. Penna , 319 F.3d 509, 512-13 (9th Cir. 2003) (holding that district court must correct sentence within 7 days after *oral pronouncement* of sentence or it loses jurisdiction to do so); United States v. Morales , 328 F.3d 1202, 1204 (9th Cir.), *cert. denied,* 540 U.S. 993 (2003) (holding that under Rule 35(a), district court loses jurisdiction to correct sentence after 7 days).

More than seven days has passed since oral imposition of sentence. Therefore, the Court lacks jurisdiction to grant the motion.  Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Reconsider and Modify Sentence (Docket No. 116) is DENIED for lack of jurisdiction.

DATED:  **March 28, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

Order - 2