# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA

                Plaintiff,

    v.

DOROTEO ESTRADA-JASSO,

                Defendant.

Case No.  4:05-cr-00245-BLW

**MEMORANDUM DECISION AND ORDER**

Pending before the Court is Defendant's Petition to Invalidate Guilty Plea Pursuant to Writ of Error Audita Querela Title 28 U.S.C. § 1651 (Dkt. 147). Having reviewed the record, the Court enters the following Order denying relief and forwarding his Petition to the Ninth Circuit Court of Appeals as a request for authorization to file a second or successive § 2255 motion.

## BACKGROUND

On December 8, 2005, Defendant was charged along with two other individuals with conspiracy to possess/distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). He was also charged with possession with intent to distribute or distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

**MEMORANDUM DECISION AND ORDER - 1**

On December 15, 2006, Defendant entered a plea of guilty to the conspiracy count pursuant to a Plea Agreement in which the Government agreed to dismiss the possession count in return for his plea of guilty to the conspiracy count. *Plea Agreement*, Dkt. 92. The factual basis portion of the Plea Agreement stated that between January 2002 and April 2005, Defendant agreed with others to possess with intent to distribute in excess of 500 grams of methamphetamine and that he knowingly delivered to those individuals in excess of one kilogram of methamphetamine. *Id*.

On March 12, 2007, the Court imposed a sentence of 360 months to be followed by seven (7) years of supervised release. *Judgment*, Dkt. 119. Defendant timely appealed, and on November 28, 2008, the Ninth Circuit Court of Appeals dismissed the appeal on the grounds of waiver. *USCA Mem.*, Dkt. 140. Defendant thereafter timely filed a § 2255 Motion alleging involuntary plea and ineffective assistance of counsel both at the trial level and the appellate level. On June 6, 2010, the Court dismissed the § 2255 Motion. *Judgment*, Dkt. 144. The Ninth Circuit denied Defendant's request for a certificate of appealability of the dismissal of his § 2255 Motion and also denied his application for authorization to file a second or successive § 2255 Motion. *USCA Orders*, Case No. 4-09-cv-00354-BLW, Dkts. 14 and 15.

Defendant now brings the pending petition and includes in the heading the statement that "This is not a motion pursuant to 28 U.S.C. § 2255." *Petition* at 1. He contends that he has no alternative means by which to seek relief and thus may do so by seeking a writ of *audita querela*. The thrust of his argument is that the Supreme Court

case of *Alleyne v. United States*, 133 S.Ct. 2151 (2013), was previously unavailable to him and that he should be able to seek a writ of *audita querela* to pursue a claim under *Alleyne* without recharacterizing his petition as a second or successive § 2255 motion.

Defendant also raises several other arguments challenging his plea and sentence and claiming (1) actual innocence based on the unconstitutionality of 21 U.S.C. § 841(b), (2) no knowledge defense based on unconstitutionality of statutes, (3) void judgment based on the Government's alleged lack of authority and jurisdiction over the offenses, and (5) actual innocence as to the amount of methamphetamine attributed to him.

**DISCUSSION**

"*Audita querela*, literally 'the complaint having been heard,' is a common law writ used to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose after the judgment was issued." *Carrington v. United States*, 503 F.3d 888, 890 n.2 (9th Cir. 2007). The 1946 amendments to Federal Rule of Civil Procedure 60(b) abolished the writ of *audita querela* along with other common law writs in civil cases, but it remains available to a limited extent in criminal cases. *United States v. Hovsepian*, 307 F.3d 922, 928 (9th Cir. 2002).

A writ of *audita querela* is not available if the challenge is cognizable in a § 2255 proceeding. *United States v. Gamboa*, 608 F.3d 492 (9th Cir. 2010) (affirming denial of petition for writ of *audita querela* alleging *Booker* claim). *See also Carrington*, 503 F.3d at 889 (same regarding *Booker* claim). Nor is it available even if a prisoner is prevented from pursuing § 2255 relief by the limitations contained in the statute concerning second

or successive § 2255 motions.  *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001).  "A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs."  *Id*. at 1080 (citation omitted).

Defendant acknowledges the *Valdez-Pacheco* decision, but he argues that the case should be distinguished because the claims there were known at the time of sentencing. However, *Carrington* and *Gamboa*, relying on *Valdez-Pacheco*, make clear that a subsequent Supreme Court decision does not open the door to relief through a writ of *audita querela*.  Rather, a prisoner must pursue relief pursuant to § 2255 if he can come within the relevant statutory limitations.

As noted above, Defendant previously filed a § 2255 motion which the Court dismissed in its entirety.  Therefore, he may not file a § 2255 motion based on *Alleyne* until the Ninth Circuit Court of Appeals certifies the § 2255 motion to contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable."  *See* 28 U.S.C. § 2255(h) (2).  The only other avenue of relief would be to obtain Ninth Circuit certification that the motion contains "newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense."  *See* 28 U.S.C. § 2255(h)(1).

## CONCLUSION

Despite Defendant's assertions to the contrary, his petition is essentially a § 2255 motion. With the exception of the *Alleyne* claim, he has either previously raised the remaining claims in his initial § 2255 Motion or could have done so. The *Alleyne* decision does not open the door for him to pursue those claims or his *Alleyne* claim here. In an abundance of caution, rather than merely denying Defendant's petition, the Court will construe his petition as a request for authorization to file a second or successive § 2255 motion that should have been filed with the Ninth Circuit Court of Appeals.

Ninth Circuit Rule 22-3 provides that "[if] a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals. *See* 9th Cir. R. 22-3(a). Accordingly, the Court will forward Defendant's petition to the Ninth Circuit for its consideration.

## ORDER

**IT IS ORDERED:**

1. Defendant's Petition to Invalidate Guilty Plea Pursuant to Writ of Error Audita Querela Title 28 U.S.C. § 1651 (Dkt. 147) is **DENIED**.

2. Pursuant to Ninth Circuit Rule 22-3(a), the Clerk of Court shall forward a copy of (1) this Order, and (2) Defendant's Petition to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.



DATED: October 28, 2014

_____

B. Lynn Winmill
Chief Judge
United States District Court