UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOROTEO ESTRADA-JASSO,<br><br>Defendant. | Case No. 4:05-cr-00245-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Doroteo Estrada-Jasso's Motion for Reduction or Modification of Sentence pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. 183). The motion was supplemented by another letter (Dkt. 184) asking for "cause and consideration in response" regarding this Court's previous order denying compassionate release under § 3582(c)(1)(A) (Dkt. 182). The Government opposes the motion. Dkt. 186. For the reasons that follow, the Court will deny the motion.

## BACKGROUND

The circumstances surrounding Estrada's incarceration were set forth in this Court's original order denying compassionate release. Dkt. 182. In short, in 2006, Estrada pled guilty to conspiracy to distribute methamphetamine. Dkt. 67. The

MEMORANDUM DECISION AND ORDER - 1

presentence investigation report indicated the USSG called for 360 months to life in prison. *See Presentence Investigation Report* at 24. Defendant's counsel at the time objected to the PSR and requested that the Court impose a 120-month sentence. Dkt. 112. Counsel argued that such a sentence was warranted given Estrada's age (46 at the time of sentencing); his age at the onset of criminal history (37, with his first felony at 44); and the sentences received by his co-defendants.

The Court was not persuaded and imposed a 360-month sentence. During the sentencing hearing, the Court explained that it was troubled by the amount of methamphetamine involved, observing that "the defendant here distributed almost 20 kilograms of methamphetamine, by my calculation." *Transcript*, Dkt. 135, at 110. The Court also observed that although Estrada expressed remorse for what had happened to him, he did not seem to express concern about the "tens, if not hundreds or perhaps even thousands of lives that were destroyed through the methamphetamine that he distributed." *Id.* at 112. For these and other reasons, the Court rejected defense counsel's argument for a lesser sentence.

Estrada appealed his sentence, but the Ninth Circuit dismissed the appeal determining that Estrada had waived his right to appeal. See Dkts. 117, 118, 140. Estrada later filed a motion under 28 U.S.C. § 2255 with this Court. *See United States v. Estrada-Jasso*, 2010 U.S. Dist. LEXIS 56370 (D. Idaho, June 6, 2010). In

**MEMORANDUM DECISION AND ORDER - 2**

his § 2255 motion, Estrada argued his plea was coerced and that he received ineffective assistance of counsel at both the trial and appellate level. *Id.* at 5. In June 2010, the Court dismissed the § 2255 motion, explaining that Estrada's claims were either "rebutted by the record" or were "vague and conclusory." *Id.* at 21.

Since then, Estrada has made several unsuccessful attempts to reduce his sentence. *See* Dkts. 147, 150, 170, 175. Among these attempts, in 2014, Estrada moved to modify his sentence following amendments to the USSG. Dkt. 150. However, the Court declined the motion finding that the amendments had no effect on Estrada's sentence. Dkt. 153. Most recently, in 2020, Estrada moved for compassionate release citing conditions at Victorville FCI during the COVID-19 pandemic as an extraordinary and compelling reason for release. Dkt. 178. The Court, again, denied the motion finding that not only did the § 3553(a) factors not warrant a sentence reduction, but that the COVID-19 pandemic did not constitute an extraordinary or compelling reason for release because Estrada had already contracted COVID-19, had mild symptoms, and recovered. Dkt. 182 at 4.

Estrada now moves for a sentence reduction under § 3582(c)(2) (Dkt. 183) and objects to the Court's prior order denying compassionate release (Dkt. 184). Estrada is currently incarcerated at FCI Victorville Medium I. He is 60 years old, and his scheduled release date is January 17, 2032.

**MEMORANDUM DECISION AND ORDER - 3**

## LEGAL STANDARD

Estrada seeks a sentence reduction pursuant to both §§ 3582(c)(1)(A) and (c)(2). In order to reduce a term of imprisonment under § 3582(c)(2), the defendant must have been sentenced based on a "range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2).

Alternatively, under § 3582(c)(1)(A), to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. 18 U.S.C. § 3582(c)(1)(A). If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* The Court may then grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." *Id.*; *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

As mentioned above, Estrada bases his motion for sentence modification on both §§ 3582(c)(1)(A) and (c)(2). Estrada notes that Amendments 782 and 788 to

the USSG warrant a § 3582(c)(2) sentence reduction. Dkt. 183. The problem, however, is that Estrada already made this motion seven years ago (Dkt. 150), and this Court found that Estrada was ineligible for a sentence reduction (Dkt. 153). Nothing has occurred since to indicate Amendment 782 now affords Estrada a sentence reduction. Therefore, the Court denies a sentence reduction under § 3582(c)(2).

Estrada's request for compassionate release is similarly defective. The Court has already denied Estrada compassionate release on the merits once this year, and despite Estrada's most recent letter, the Court still finds no extraordinary or compelling reasons to warrant release. As such, the Court does not address whether Estrada has properly exhausted his remedies or his assessment of the § 3553(a) factors.

Estrada's first extraordinary or compelling reason is that, due to ineffective counsel, he was unwittingly duped into accepting a plea agreement that resulted in a 360-month sentence. Dkt. 184 at 5. The Court has already addressed this argument over ten years ago during Estrada's § 2255 action. *See* Dkt. 144; *United States v. Estrada-Jasso*, 2010 U.S. Dist. LEXIS 56370 (D. Idaho, June 6, 2010). The argument was dismissed then and cannot constitute an extraordinary or compelling reason for release now.

MEMORANDUM DECISION AND ORDER - 5

Estrada's next extraordinary and compelling reason for release is that the Court improperly evaluated the § 3553(a) factors by considering them in regard to Estrada at the time of his sentencing rather than Estrada presently. Dkt. 184 at 6. However, this argument confuses the legal analysis for compassionate release; regardless of how the § 3553(a) factors are evaluated, extraordinary and compelling reasons must be separately shown to exist. Therefore, whether Estrada agrees with the Court's previous evaluation of the § 3553(a) factors does not, by itself, constitute an extraordinary or compelling reason warranting a sentence reduction.

Finally, Estrada contends the Court erred in not granting a sentence reduction by basing its order on Estrada's past conduct rather than considering his growth and rehabilitation since incarceration. Dkt. 184 at 6. The Court does not find this to constitute an extraordinary or compelling reason as well because, as Estrada also notes, "rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

Because the Court does not find that extraordinary and compelling reasons exist to warrant a sentence reduction, the Court will not reconsider the previous order denying compassionate release.

**ORDER**

**MEMORANDUM DECISION AND ORDER - 6**

**IT IS ORDERED** that Doroteo Estrada-Jasso's motion for Reduction or Modification of Sentence (Dkt. 183) is **DENIED**.

DATED: July 17, 2021

B. Lynn Winmill
U.S. District Court Judge