UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOROTEO ESTRADA-JASSO,<br><br>Defendant. | Case No.  4:05-cr-00245-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court are Defendant Doroteo Estrada-Jasso's Motion for Reconsideration of Plea and Sentence (Dkt. 192) and Motion for Reassignment of Case (Dkt. 193). For the reasons set forth below, the Motions are denied.

## BACKGROUND

On December 8, 2005, Defendant and two other individuals were charged with conspiracy to possess/distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). He was also charged with possession with intent to distribute or distribution of methamphetamine in

MEMORANDUM DECISION AND ORDER - 1

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On December 15, 2006, Defendant entered a plea to the conspiracy count pursuant to a Plea Agreement in return for the Government's agreement to dismiss the possession count. *Plea Agreement*, Dkt. 92 and *Min. Entry*, Dkt. 95.

On March 12, 2007, the Court imposed a sentence of 360 months following a sentencing hearing in which the Court heard evidence from the two co-Defendants and two Idaho State Police Officers on the disputed issues of drug quantity, role in the offense, and acceptance of responsibility. *Min. Entry*, Dkt. 113, *Judgment*, Dkt. 114. *Sent. Tr.*, Dkt. 135. Aside from determining the drug quantity, the Court found that Defendant was not entitled to an acceptance of responsibility adjustment, that a 4-level enhancement for his role in the conspiracy was warranted, and that his criminal history category of V was not overstated. *Sent. Tr.* at 97-99, 109.

Defendant's appeal of his 360-month sentence was dismissed on November 28, 2008, by the Ninth Circuit Court of Appeals in light of a valid appeal waiver. *USCA Mem.*, Dkt. 140. He subsequently filed a timely Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 alleging that his plea was coerced and that he received ineffective assistance of counsel at both the trial and appellate level. *See* Case No. 4:09-cv-00354-BLW. The Court dismissed the § 2255 Motion on the grounds that Defendant's claims were rebutted by the record,

**MEMORANDUM DECISION AND ORDER - 2**

vague and conclusory, and unsupported by any evidence. *Mem. Dec.*, Dkt. 10 in Case No. 4:09-cv-00354-BLW. The Court declined to issue a Certificate of Appealability, and the Ninth Circuit denied Defendant's application for authorization to file a second or successive § 2255 motion. *Order of USCA*, Dkt. 14 in Case No. 4:09-cv-00354-BLW.

## DISCUSSION

### A. Motion to Reconsider

The thrust of Defendant's Motion to Reconsider is that the drug quantity finding driving his lengthy sentence was unsupported by the evidence. He contends that it was speculative and unreliable given that the finding was based merely on the testimony of co-defendants and not on actual drugs that could be tested. Defendant further alleges involuntary plea, lack of proof that he was involved in anything other than a buyer/seller arrangement with co-Defendants as opposed to a conspiracy, excessive enhancements, sentencing disparity among co-Defendants, disagreement with the methamphetamine guidelines, and various instances of ineffective assistance of counsel related to those issues.

The pending motion is the latest of several that Defendant has filed since his initial § 2255 Motion was dismissed, all of which have raised the same or similar issues as were raised in that Motion and all of which have been dismissed or denied. These include:

**MEMORANDUM DECISION AND ORDER - 3**

1. November 25, 2013 -- Petition to Invalidate Guilty Plea and Memorandum Decision and Order denying same on October 28, 2014. Dkt. 147 and 149.

2. September 29, 2016 – Petition for Application for Adjustment of Status and Waiver of Admissibility filed as a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241but construed by the Court as a § 2255 motion attacking his sentence and dismissed for lack of jurisdiction on September 25, 2019. Dkts. 1 and 5 in Civil Case No. 4:16-cv-434.

3. May 30, 2017 -- Motion Requesting Relief from Unjust Sentence, construed as a § 2255 motion and dismissed on failure of Defendant to Obtain authorization from the Ninth Circuit Court of Appeal to file a second or successive § 2255 motion on November 14, 2017. Dkts. 170 and 173.

All of these motions, including the currently pending motion, attack the plea or the sentence imposed in this case almost sixteen years ago. As the Court stated in deciding Defendant's most recent motion challenging his sentence, except in circumstances not present here, "§ 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." Dkt. 173 (citing *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008)). Prisoners may not bring a "second or successive motion" unless it meets the exacting standards of 28 U.S.C. § 2255(h). Section 2255(h) provides that such a motion cannot be considered unless it has first been certified by the court of appeals to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that

**MEMORANDUM DECISION AND ORDER - 4**

no reasonable factfinder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

In Defendant's current motion, he simply rehashes his previous arguments attacking his sentence. Despite its title, the motion is essentially another § 2255 motion for which he has not received authorization from the Ninth Circuit Court of Appeals to file. To the extent that he can be considered to have advanced any new arguments, they clearly do not meet the standard required to obtain such authorization. He has not identified any newly discovered evidence, and there has been no new relevant rule of constitutional law made retroactive to cases on collateral review. The time for challenging his sentence has long since passed. Accordingly, his motion to reconsider is dismissed.

### B. Motion for Reassignment of Case

Defendant plans to bring another compassionate relief motion, and he fears that the Court will not rule upon it fairly. He requests reassignment of his case to another judge. Defendant contends that the Court appears to be biased against him because it indicated at sentencing that although he expressed remorse for what happened to him, he did not express concern about the "tens, if not hundreds or perhaps even thousands of lives that were destroyed through the methamphetamine

**MEMORANDUM DECISION AND ORDER - 5**

that he distributed." *See Sent. Tr.* at 112, Dkt. 135. Defendant believes this statement is likely to prevent the Court from rendering a fair decision or ruling.

The Court will construe Defendant's motion as having been filed pursuant to 28 U.S.C. § 144 and, alternatively, as contending that the Court must recuse itself pursuant to 28 U.S.C. § 455. His motion fails under either statute.

### A. 28 U.S.C. § 144

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, . . . .

28 U.S.C. § 144.

Here, Defendant has not filed the requisite affidavit and his motion was not brought in a timely manner. The statement made by the Court concerning Defendant's lack of remorse was made at sentencing almost sixteen years ago. Furthermore, as shown above, Defendant has filed numerous motions since that time without questioning the Court's impartiality. Although failure to file a timely and sufficient affidavit defeats Defendant's claim of bias, it also fails because

**MEMORANDUM DECISION AND ORDER - 6**

adverse rulings and comments made during a proceeding do not suffice to require recusal. *United States v. Azhocar*, 581 F.2d 735, 738-39 (9th Cir. 1978) (citations omitted). To require recusal, the alleged bias must have arisen from an extrajudicial source. *Id*.

### B. 28 U.S.C. § 455

As relevant here, a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a) and (b)(1).

The objective inquiry under § 455(a) is whether the judge's "impartiality might be reasonably questioned." *United States v. Spangle*, 626 F.3d 488, 495 (9th Cir. 2010) (quoting *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008)). The inquiry is a "fact-specific" one decided in the context of "the circumstances of the specific claim." *Id*. Like § 144, "section 455(a) is limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial." *Holland*, 519 F.3d at 913-14. Actions during a proceeding cannot be the basis for recusal "except in the 'rarest of circumstances.'" *Id.* at 914 (citation omitted).

**MEMORANDUM DECISION AND ORDER - 7**

The comments upon which Defendant bases his claim of bias were made in the course of imposing sentence and merely reflected the reality that Defendant did not appear to recognize or acknowledge the negative impact his actions could have had on the lives of numerous people who ultimately sold or used the drugs he distributed.

The subjective inquiry under § 455(b) focuses on the judge's own determination as to whether he can be "truly impartial." It is a "highly personal" test in which he must "set aside emotion and thoughtfully examine his ability" to be impartial. *Id*. at 915.

The Court has given careful consideration to Defendant's claim of bias and determined that it could be impartial in deciding any future motion for compassionate release that Defendant may bring. Defendant previously brought a Motion for Compassionate Release. Dkt. 178. In denying that motion, the Court found that he had not demonstrated extraordinary and compelling reasons for release. Dkt. 182. Because of that finding, it was not necessary to focus on 18 U.S.C. § 3553(a) sentencing factors. Defendant again moved for compassionate release, and the Court again found that he had failed to demonstrate extraordinary or compelling reasons to warrant release. Dkts. 183, 190. Therefore, it was not necessary to consider the § 3553(a) sentencing factors in deciding the motion.

**MEMORANDUM DECISION AND ORDER - 8**

Should Defendant establish extraordinary and compelling circumstances at some point in the future, the Court will carefully consider all of the § 3553(a) sentencing factors in deciding whether Defendant would pose a danger to society if released. His apparent lack of or unexpressed remorse at sentencing for the harm his actions may have caused will be just one of many factors for the Court to consider in determining whether to grant release.

## ORDER

**IT IS HEREBY ORDERED that:**

1. Defendant's Motion for Reconsideration of Plea and Sentence (Dkt. 192) is **DENIED**.

2. Defendant's Motion for Reassignment of Case (Dkt. 193) is **DENIED**.

DATED: February 1, 2023

_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 9**