UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DORETEO ESTRADA-JASSO,<br><br>Defendant. | Case No. 4:05-cr-00245-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Defendant has filed a pro se motion for reduction of sentence and a related motion for appointment of counsel. *See* Dkts. 200, 202. For the reasons explained below, the Court will deny both motions.

### BACKGROUND

On March 12, 2007, this Court sentenced Defendant to 360 months' imprisonment after he pleaded guilty to conspiring to distribute methamphetamine. *See Mar. 13, 2007 Judgment*, Dkt. 119. His Total Offense Level was 42, and his Criminal History Category was V, which yielded a guidelines range of 360 months to life. *See Minute Entry,* Dkt. 113.

### LEGAL STANDARD

A judgment of conviction that includes a sentence of imprisonment

MEMORANDUM DECISION AND ORDER - 1

constitutes a final judgement and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). "Section 3582(c)(2) establishes an exception to the general rule of finality[.]" *Dillon v. United States*, 560 U.S. 817, 824 (2010). Specifically, § 3582(c)(2) provides, in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission…, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing commission.

18 U.S.C. § 3582(c)(2). Thus, under Section 3582(c)(2), the analysis is twofold. First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guideline range. *Dillon*, 560 U.S. at 826. Second, the Court must consider the applicable § 3553(a) factors and determine whether, in its discretion, such a reduction is consistent with policy statements issued by the Sentencing Commission. *Id.* at 827.

## ANALYSIS

Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and applies retroactively. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534 (Sept. 1, 2023). Amendment 821 is bifurcated into Parts A and B. The Court begins by examining Defendant's eligibility for a sentence reduction under Part A.

### A. Part A

"Part A of Amendment 821 limits the overall criminal history impact 'status points'…under § 4A1.1 (Criminal History Category)." *Id.* at 60535. Specifically, regarding "status points," under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points. In this case, Mr. Estrada-Jasso's criminal history score—before adding two status points and one point for committing a crime less than one year after his release from confinement—was 7. *See Aug. 8, 2017 Presentence Investigation Report*, Dkt. 28, ¶¶ 41-42. Amendment 821 reduces his status points from 2 to 1, which means that his Criminal History Category would drop to IV. But that combination (Total Offense Level 42; Criminal History Category IV) still yields a guidelines range of 360 months to life. Accordingly, Mr. Estrada-Jasso's guideline range is unaffected by Part A of the Amendment.

### B. Part B

Part B of Amendment 821 provides for a two-level reduction in the offense

MEMORANDUM DECISION AND ORDER - 3

level for certain zero-point offenders with no criminal history and whose offense did not involve specified aggravating factors. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023). Part B does not apply because Mr. Estrada-Jasso is not a zero-point offender.

### C.   Request for Appointment of Counsel

The Court will deny the Defendant's request for appointment of counsel to assist him with this motion. As discussed above, the defendant plainly is not entitled to a sentence reduction. Additionally, the Court notes that the Mr. Estrada-Jasso's motion was reviewed by a committee consisting of a federal defender, a United States attorney, and a probation officer. This committee concluded that Mr. Estrada-Jasso is not entitled to a reduction under Amendment 821.

### ORDER

**IT IS ORDERED that** Defendant's Motion for Reduction of Sentence (Dkt. 200) and Motion for Appointment of Counsel (Dkt. 202) are **DENIED**.

DATED: October 23, 2024

B. Lynn Winmill
U.S. District Court Judge