UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOROTEO ESTRADA-JASSO,<br><br>Defendant. | Case No. 4:05-cr-00245-BLW<br><br>**MEMORANDUM DECISION &<br>ORDER** |

## INTRODUCTION

Before the Court is Defendant Doroteo Estrada-Jasso's Motion for Reduction of Sentence Pursuant to the First Step Act and the Sentencing Commission's Amended Provision of P.S. 1b1.13 (Dkt. 196). This is Defendant's fifth time seeking compassionate release or a sentence reduction. For the reasons explained below, the Court will again deny the motion.

## BACKGROUND

In March 2007, Mr. Estrada-Jasso was sentenced to 360 months imprisonment for Conspiracy to Distribute Methamphetamine. The charges stemmed from a large-scale drug distribution conspiracy in Eastern Idaho. Mr. Estrada-Jasso was second in command of a drug organization with at least nine other members. His Guideline range at sentencing was 360 months to life. His

**MEMORANDUM DECISION AND ORDER - 1**

projected release date is January 17, 2032. He now seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and (c)(2) based on a 2014 amendment to the Drug Quantity Table.

## LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce a defendant's sentence only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *See United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing extraordinary and compelling reasons. *See United States v. Greenhut*, No. 2:18-cr-00048, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020).

The U.S. Sentencing Guidelines set out a number of factors that can constitute "extraordinary and compelling reasons." U.S.S.G. § 1B1.13 (Policy Statement). Relevant here is the "Unusually Long Sentence" provision, which allows the Court to consider "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive)" if the defendant received "an unusually long sentence" and has served at least ten years in prison. § 1B1.13(b)(6).

## ANALYSIS

Mr. Estrada-Jasso relies on Amendment 782 to the Sentencing Guidelines,

MEMORANDUM DECISION AND ORDER - 2

which reduced the Drug Quantity Table by two levels. Amendment 782 was adopted in 2014 and made retroactive the following year. *See* U.S.S.G., Amendment to the Sentencing Guidelines (July 18, 2024).

Mr. Estrada Jasso was responsible for distributing at least 29 kilograms of methamphetamine. At the time of his sentencing, this corresponded with a base offense level of 38. *Presentence Investigation Report* ¶ 49 (Mar. 5, 2007). He received a +4 enhancement for role in the offense, resulting in a total offense level of 42. He had a criminal history category of V, yielding a Guidelines range of 360 months to life.

Applying the reduction imposed by Amendment 782, Mr. Estrada-Jasso's offense level would be 40. With a criminal history category of V, this still yields a Guidelines range of 360 months to life. In other words, the change of law has no bearing on Defendant's Guideline range or sentence.

For this reason, the 2014 amendment to the Drug Quantity Table cannot provide an "extraordinary and compelling reason" for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Because of this threshold failure, there is no need to consider the Sentencing Commission's policy statements or the Government's argument about the invalidity of the "Unusually Long Sentence" provision.

## ORDER

**THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for

MEMORANDUM DECISION AND ORDER - 3

Reduction of Sentence Pursuant to the First Step Act and the Sentencing

Commission's Amended Provision of P.S. 1b1.13 (Dkt. 196) is **DENIED**.

DATED: March 19, 2026

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 4**